UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BILL VAUGHN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-2427 (CEJ) |
| TOM J. VILSACK, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

I.  **Background**

This action was originally filed on December 2, 2013. On February 20, 2014, plaintiff filed his first amended *pro se* complaint, alleging that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, by denying him a promotion in retaliation for his November 2009 request for Equal Employment Opportunity (EEO) counseling.[1] At all times relevant to the complaint, plaintiff was an employee of the United States Department of Agriculture (USDA). The defendant is the Secretary of the USDA.

According to the first amended *pro se* complaint, plaintiff accepted an offer from defendant on January 20, 2010, which resolved his EEO request for counseling. On

---

[1] EEO counseling starts the EEO complaint process. An EEO counselor meets with the aggrieved person (an individual who believes that he/she has been discriminated against on the bases of race, color, national origin, sex, age, religion, or disability) in an attempt to achieve an early resolution of the matter. See 29 C.F.R. § 1614.105.

April 19, 2010, plaintiff asked his supervisors, Michael Matthews and Todd Burke, for a desk audit, which they denied. A desk audit is an evaluation of an employee's performance for a potential promotion. On April 27, 2010, Burke agreed to reconsider the denial upon guidance from the Human Resources Department (HR). Plaintiff alleges that HR contacted Burke suggesting that a desk audit be performed, but that on June 11, 2010, Burke falsely told plaintiff that HR had not yet made a decision. On June 23, 2011, Matthews allowed the desk audit to proceed.

On October 4, 2010, Matthews and Burke completed a Supervisory Questionnaire (SQ), which HR used for plaintiff's desk audit. Plaintiff alleges that Matthews and Burke supplied false information in the SQ regarding the extent of his job duties. On November 2, 2010, Matthews refused to provide plaintiff with a copy of the SQ, which plaintiff later obtained after filing a Freedom of Information Act request. Plaintiff alleges that Matthews and Burke also provided false information in a Desk Audit Questionnaire (DAQ) and an EEO affidavit. Plaintiff alleges that the actions of Matthews and Burke were done in retaliation for his earlier EEO request and that their actions prevented him from receiving a promotion.

In the instant motion, defendant argues that the complaint should be dismissed because plaintiff failed to allege sufficient facts demonstrating a causal link between the protected activity and the alleged adverse employment action.

II. <u>Legal Standard</u>

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it

2

strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

Title VII's anti-retaliation provision makes it unlawful for an employer to "discriminate against an employee because [he] has 'opposed any practice made an unlawful employment practice,' or has made a charge or participated in an investigation or proceeding under the statute." Alvarez v. Des Moines Bolt Supply, Inc., 626 F.3d 410, 416 (8th Cir. 2010) (citing 42 U.S.C. § 2000e-3(a)).

To state a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the alleged adverse employment action. Young v. St. John's Mercy, 4:10-CV-824-TIA (E.D. Mo. Nov. 9,

3

2011) (citing Takele v. Mayo Clinic, 576 F.3d 834, 839 (8th Cir. 2009)). Defendant does not dispute that plaintiff sufficiently alleged a protected activity (the EEO request) and an adverse employment action (denial of a promotion). Defendant's sole argument is that plaintiff failed to sufficiently plead a causal connection between the two events.

"Only a 'minimal showing' of a causal connection is required to satisfy a plaintiff's prima facie burden." Nelson v. County of Dawes, Nebraska, 2008 WL 486592, *10 (D. Neb. Feb. 19. 2008) (citing Smith v. Allen Health Systems, Inc., 302 F.3d 827, 833 (8th Cir. 2002)); see also Rogers v. U.S. Bank, N.A., 417 F.3d 845, 850 (8th Cir. 2005) (citation omitted) ("plaintiff's burden at the prima facie case stage . . . is not onerous, and a minimal evidentiary showing will satisfy this burden."). A plaintiff does not need to present direct evidence establishing causation because such evidence is seldom available. Tyler v. University of Arkansas Bd. of Trustees, 628 F.3d 980, 986 (8th Cir. 2011). Instead, a plaintiff must "allege sufficiently specific facts that would permit this Court to make a 'reasonable inference' of causation." Jones v. HCA, 2014 WL 1603739, *9 (E.D.Va. Apr. 21, 2014) (citing Iqbal, 556 U.S. at 678).

Based on this low pleading standard, the Court finds that plaintiff has sufficiently alleged specific facts that would permit a reasonable inference of causation. Plaintiff alleges that both Matthews and Burke were aware of his earlier EEO activity when they engaged in a pattern of conduct---which included supplying HR with false information regarding plaintiff's qualifications---for the purpose of preventing him from receiving a promotion. Plaintiff alleges that the actions of Matthews and Burke were done subsequent to and in retaliation of his EEO activity. These allegations make is possible for the Court to reasonably infer that defendant's actions, which ultimately worked to

4

prevent a promotion, were performed with a retaliatory motive in violation of Title VII. See id.

Defendant argues that this inference is undercut by the four-month gap between plaintiff's protected activity (the settlement of his EEO request) and the first alleged adverse employment action (the false statements in the SQ). Defendant further argues that plaintiff's first amended *pro se* complaint should be dismissed because plaintiff is required to plead something other than the existence of his EEO request to sufficiently establish a causal connection. The Court finds both of these arguments to be flawed.

First, temporal proximity between a protected activity and any adverse action "is merely one factor relevant to causation" and it is a factor that is generally only considered later in the proceedings, such as in a motion for summary judgment. Garayalde-Rijos v. Municipality of Carolina, 201 WL 1270607 (1st Cir. 2014). Second, "a Title VII plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss." Templeton v. First Tennessee Bank, N.A., 424 Fed.Appx. 249, 249 (4th Cir. 2011). Instead, all the complaint must say is "the government retaliated against me because I engaged in protected activity." Rochon v. Gonzales, 438 F.3d 1211 (C.A.D.C. Feb. 28, 2006) (internal citation omitted). It is only later in litigation, such as in the summary judgment stage, that a plaintiff must go farther and present evidence that the protected activity was the direct cause of the adverse employment action. See Brasch v. Peters, 479 F.Supp.2d 1045, 1068 (E.D. Mo. Mar. 21, 2007) (dismissed on motion for summary judgment because plaintiff

must show more than "the existence of his prior EEO complaint to establish causal connection.").

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's first amended *pro se* complaint for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. #5] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss plaintiff's first *pro se* complaint [Doc. #2] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2014.