UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILL VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV2427 RLW |
| | ) | |
| TOM J. VILSACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant's Motion for Sanctions (ECF No. 34). On December 2, 2013, Plaintiff filed an "Employment Discrimination Complaint." (ECF No. 1). On August 20, 2013, the Court issued a Case Management Order, which required the parties to make their Rule 26(a)(1) disclosures no later than August 28, 2014. (ECF No. 19). On September 12, 2014, Defendant filed a Motion to Compel Plaintiff's Initial Disclosures (ECF No. 24). Therein, Defendant stated that Plaintiff had not provided his Initial Disclosures and did not respond to Defendant's request for Plaintiff's Initial Disclosures. On September 22, 2014, the Court ordered Plaintiff to provide his Initial Disclosures no later than October 1, 2014, or the Court would sanction Plaintiff, including possibly dismissing Plaintiff's case for failure to prosecute. (ECF No. 28). On October 3, 2014, Defendant filed a Motion to Compel Plaintiff's Answers to Defendant's Interrogatories and Requests to Produce. (ECF 30). On October 6, 2014, the Court ordered Plaintiff to respond to Defendant's Motion to Compel Plaintiff's Answers to Defendant's Interrogatories and Requests to Produce and to provide his answers to Defendant's Interrogatories and responses to Defendant's Requests to Produce no later than October 14, 2014, or the Court

would dismiss Plaintiff's case for failure to comply with this Court's Orders and failure to prosecute his claims. (ECF No. 33).

Plaintiff has failed to file or serve his Initial Disclosures, answers to Defendant's Interrogatories, or responses to Defendant's Requests to Produce. *See* Defendant's Motion to Compel, ECF No. 34. Instead, Plaintiff has filed documents purporting to challenge this Court's jurisdiction, including the Court's ability to issue a Case Management Order, on several occasions. *See* ECF No. 20, 22, 23, 29.

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides that a court can dismiss a case with prejudice where a party fails to obey a discovery order. "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Under Eighth Circuit precedent, a court can dismiss an action if there is: "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012)(citing *Keefer v. Provident Life and Acc. Ins. Co.,* 238 F.3d 937, 940 (8th Cir. 2000)).

The Court dismisses Plaintiff's Employment Discrimination Complaint, with prejudice, because Plaintiff has failed to prosecute his case and not complied with this Court's Orders. The Court has twice warned Plaintiff that his refusal to comply with this Court's Orders could result in dismissal of his case, but Plaintiff has taken no affirmative steps to either prosecute his case or comply with this Court's Orders. Defendant is unable to defend this action without this necessary discovery that Plaintiff refuses to provide. The Court does not believe that any lesser sanctions would be effective, given Plaintiff's position that he is not subject to this Court's jurisdiction. *See Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1223 (8th Cir. 1998)(holding that the district court did not abuse its discretion in dismissing appellant's action with prejudice on the ground that appellant's conduct constituted a wilful disregard of court orders). The Court finds

that no other appropriate sanction exists and dismisses Plaintiff's case with prejudice. *See Compton v. St. Louis Metro. Police Dep't*, 4:11-CV-1975 CEJ, 2012 WL 6738493, at *3 (E.D. Mo. Dec. 31, 2012)(dismissing plaintiffs' case with prejudice where plaintiffs wilfully ignored two court orders to compel discovery, without explanation or excuse, to the prejudice of the defendants).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions [ECF No. 34] is **GRANTED**. Plaintiff's case is **DISMISSED** with prejudice. A separate judgment is entered herewith.

Dated this 15th day of October, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE